Argued 9 June, decided 5 July, 1904.

## SHERIDAN *v.* EMPIRE CITY.

[77 Pac. 393.]

EVIDENCE OF ADVERSE POSSESSION.

1. The evidence adduced shows that part of the land in dispute has been adversely used by the defendant for more than ten years, whereby plaintiff's title has been extinguished.

RATIFICATION OF PLAT BY PAYING TAXES.

2. The mere voluntary payment of taxes and street assessments levied on certain land is not evidence of a ratification of the plat of such land with reference to which the levies and assessments were made.

RATIFICATION.

3. A party not under obligation to act with reference to a certain claim cannot be bound to such claim, or be held to have ratified it, by mere silence; for instance, a lot owner cannot be said to have ratified the action of the municipality in establishing certain boundaries, by merely keeping silent until his lots were intruded upon, no matter how long the silence.

From Coos: JAMES W. HAMILTON, Judge.

Suit by Florence Sheridan and others against Empire City to quiet the title to certain real property, resulting in a decree for plaintiffs, from which defendant appeals.

MODIFIED.

For appellant there was a brief over the name of *Hall & Hall*, with an oral argument by *Mr. John F. Hall.*

For respondents there was a brief over the names of *Joseph W. Bennett* and *C. F. McKnight*, with an oral argument by *Mr. Bennett.*

MR. JUSTICE WOLVERTON delivered the opinion.

1. The plaintiffs claim to be the owners in fee of that portion of First Street in the Town of Empire City, Coos County, Oregon, as denoted on the plat thereof filed by W. H. Harris and A. N. Foley, November 19, 1858, beginning with the southern boundary of F Street, and extending southwesterly ninety feet, and also of about fourteen feet in width of F Street, beginning at the meander line where it crosses said street, and extending westerly along the northerly boundary of block 6, and beyond to deep water

on Coos Bay. The defendant claims the property as public streets thereof, which it is alleged have been used and occupied exclusively and adversely as such for more than forty years, and, as a further defense, it is alleged that in August, 1888, the defendant, with the knowledge and consent of plaintiff's predecessors, adopted a plat of the Town of Empire City, showing said tracts to be within the boundaries of First and F streets, and that the same was acquiesced in, adopted, and ratified by P. Flanagan, the immediate predecessor of plaintiffs. The meander line of ordinary high water, as indicated by the government survey, passes through the northeasterly corner of block 5, thence in a southerly direction across First and F streets, entering block 13 a little to the south of the northwesterly corner, and extends through lots 8, 1, and 2 thereof. Block 6 lies westerly from block 13, and wholly to the west of the meander line. On May 12, 1873, one H. P. Whitney obtained a deed from the Board of Commissioners for the Sale of School Lands for the State of Oregon to tide land fronting and abutting on lot 8, in block 13, comprising the property in dispute. The plaintiffs deraign title from Whitney, but none of the conveyances in their chain are made with reference to the town plat. On June 11, 1873, Whitney deeded lot 8, block 13, to James S. Kiley, who, with his successors in interest, has occupied it ever since. Prior to Whitney's purchase from the State, one Amos Rogers erected a building, partially if not wholly within the boundary of First Street, fronting on F Street and extending back some sixty feet. Kiley subsequently erected a building extending along the western boundary of lot 8, fronting also upon F Street. An elevated sidewalk was maintained along F Street in front of the Kiley building, thence to and in front of the Rogers building. Kiley also constructed a walk eight feet in width along the westerly side of his building, and Rogers, or Whitney, who suc-

ceeded him, constructed a walk four or five feet in width along the easterly side of his building, and from the southerly end of the Rogers building a crosswalk was devised by placing some planks from one walk to the other. These buildings and walks were maintained continuously for many years, and until the Rogers building was destroyed by fire in 1899, thus completely obstructing First Street at that point to the use of the public, except as the sidewalks designated afforded opportunity therefor. In later years the sidewalk along the Kiley building on First Street has been continued southerly along the margin of the block to the Odd Fellows' building, situated on lot 1, and was being so maintained at the time of the commencement of this suit.

In 1891 the common council of the Town of Empire City reëstablished the base line along Broadway Street, from which to determine the location of streets, lots, and blocks in the town and its additions, and on January 19, 1892, adopted an ordinance for the improvement of First Street, from the southern line of E Street to within seven feet of the southern line of F Street, by constructing an elevated roadway and decking the same with planks, the cost of which improvement was assessed against the abutting property. Among others, a portion was assessed against lots 5 and 6, in block 6, to Patrick Flanagan, the ancestor of plaintiffs, and from whom they derive their title. It will be noted that these lots lie at the southwest corner of the square formed by the intersection of First and F streets, all but seven feet of the southerly portion of which was included in the improvement. This assessment was paid, whether by Patrick Flanagan or not does not appear. Lots 5, 6, 7, and 8, in block 6, have been from time to time assessed by the county to the predecessors of plaintiffs. After obtaining title from the State, H. P. Whitney constructed a driveway from First Street, commencing,

perhaps, within the street along the southerly side of F Street, extending to deep water on the bay, where he erected a wharf. These structures have since been maintained by him and the predecessors in interest of plaintiffs. While the public have used them, they have been maintained in a private capacity and regarded as private property, with the exception of that portion thereof which lies within the square formed by the junction of First and F streets. These facts clearly appear from the testimony, and it remains to deduce the legal status of the parties litigant.

Evidently, when Harris and Foley dedicated the Town of Empire City in 1858, they nor neither of them owned the tideland which is indicated as lying westerly from the meander line designated by the government survey, and could not, therefore, lawfully make dedication of any part thereof to the public. How Whitney came by lot 8, in block 13, does not appear. He probably purchased with reference to the plat, however, and this holding very likely formed the basis for his purchase of tideland from the State, which includes the premises in dispute. But Whitney has not, nor have plaintiffs' other predecessors in interest, conveyed with reference to the plat of Empire City, or in that manner adopted, approved, or ratified it. They continuously maintained the building erected by Rogers in First Street until destroyed, and the crosswalks in connection therewith, so as to exclude the public from the entire street, except upon the walk constructed by Kiley along his building, and since maintained by him and his successors in interest. As to this walk, plaintiffs' predecessors seem never to have exercised any control over it or to have claimed any right with reference to it, and as to it the use has been adverse to plaintiffs. Plaintiffs' predecessors have had and maintained a like use of the driveway along F Street to the bay, exclusive of the public,

except that portion thereof comprised in the crossing of First Street. The improvement of the square was made by the town shortly after February, 1892, more than ten years prior to the commencement of this suit, in which plaintiffs and their predecessors seem to have acquiesced without objection. They have not since claimed any interest in that portion of the street, or exercised private ownership thereof, while, on the contrary, it is manifest that the public have in the mean time used and occupied it adversely. With these two exceptions, plaintiffs are the owners in fee of the whole of tracts 1 and 2 as described in their complaint. But as to the exceptions, their right and title must be held to have been extinguished by adverse user by the town and the public as public streets.

2. It is further insisted by counsel for defendant that plaintiffs and their predecessors have ratified the dedication of the town plat, as made by Harris and Foley, by having paid the taxes levied from time to time on lots 5, 6, 7, and 8, in block 6, of the Town of Empire City, so described upon the assessment roll, and the assessment for street improvements heretofore alluded to; but we do not think that such is the result or legal effect of their acts in that respect. They were not called upon to supervise or revise the acts of the officers of the county or town, if inaccurate or erroneous, and the mere payment, without objection or protest, of taxes and assessments levied and made upon realty, is an act without persuasive force as indicating an adoption or ratification of any particular plat with reference to which the levies and assessments were made.

3. Nor do we think that the act of the common council in reëstablishing the base line by ordinance in 1891, from which to determine the correct location of streets, lots, and blocks in the city and its additions, had any tendency to preclude the plaintiffs as it relates to the dedication of said

plat, for it does not appear that they have ever done anything or performed any act with reference to the reëstablishment of such base line, or to the lots and blocks as designated by the plat, from which a ratification could be inferred.

Another contention advanced by defendant's counsel is that the tideland did not extend to the meander line indicated by the government survey; but the strong weight of the testimony is against the position.

It follows from these considerations that the decree of the trial court should be modified so as further to except from plaintiffs' ownership in fee that portion of the square formed by the intersection of First and F streets included in tract No. 2 as described in the complaint, and in all other respects it should be affirmed, and such will be the decree of this court.  MODIFIED.

---

Decided 5 July, rehearing denied 17 October, 1904.