McHenry v. Sneer.

McHENRY v. SNEER ET AL.

1. **Tort:** WHEN DAMAGES ARE NOT RECOVERABLE FOR. The police judge of a city cannot maintain an action against the mayor and members of the city council to recover damages because of the passage of an ordinance requiring him to pay the fees of his office into the city treasury, and giving him a salary in lieu thereof for his services.

2. ——: ——. Neither can he recover damages from them because of directions given by them to the police to report violations of law to justices of the peace rather than the police court.

3. ——: ——. The fact that the defendants conspired together for the injury of the plaintiff will not constitute a cause of action against them where they did no unlawful act.

*Appeal from Polk Circuit Court.*

THURSDAY, OCTOBER 20.

ONE of the defendants was at one time mayor and the others members of the council of the city of Des Moines. The plaintiff was police judge of said city and brings this action to recover damages caused by certain wrongful acts done by the defendants. A demurrer to the substituted and amended petition was sustained, and the plaintiff appeals.

*M. D. McHenry, pro se, W. E. Miller and Wm. Phillips,* for appellant.

*Parsons & Runnells,* for appellees.

SEEVERS, J.—It is said in the argument of appellant that the "substituted and amended petitions are both more circumstantial than they should have been," and what is termed a more "concise statement containing the essence" of said petitions is set out in the argument and we adopt it as being correct. It is as follows:

"1. Plaintiff was elected to the office and entered upon the duties of police judge of the city of Des Moines for a full

term of two years, commencing on the 4th day of March, 1878.

"2. At that time, by the laws of the State and ordinances of the city, the police judge was entitled to collect and receive from parties, defendants, of the county or the city, as the case might be, the same fees as justices of the peace were entitled to collect in like cases, and, in addition, one dollar for clerk's services in each case.

"3. That the fees aforesaid, according to the course of business usually current in the court, amounted to four thousand dollars a year, and from the commencement of plaintiff's labors in the court in March, 1878, until October of the same year were worth at that rate.

"4. The defendant Sneer was mayor and the other defendants members of the city council, and they, well knowing the premises, and that by law the plaintiff's emoluments could not be diminished during his term, the city council, the defendants concurring, about the 28th of March, 1878, passed an ordinance fixing the salary of defendant as police judge at one thousand dollars a year, in lieu of all fees, and requiring him to collect in all cases the same fees as theretofore, but to pay all fees into the city treasury. Which ordinance was void. That the plaintiff refused to accept this salary and claimed the fees.

"5. That thereupon the defendants, conspiring together to punish the plaintiff for official acts, in the course of his business, which were distasteful to them or some of them, and in order to compel and force him to accept said salary in full of all compensation, and to pay over his fees into the city treasury, did maliciously and unlawfully agree together that said Sneer, as mayor of the city, should direct the police force of the city to report no arrests made for violations of State laws or city ordinances to the police court, with the malicious purpose and intent of depriving plaintiff of the usual fees of his office, and with no regard to the proper enforcement of the law. And that the other defendants, at the request of Sneer

and in malicious concert with him, prepared certain resolutions which all the defendants procured to be adopted by the council, unlawfully directing the city solicitor to bring prosecutions under State laws instead of city ordinances; requesting the mayor to order the police force to make returns of arrests in all cases to justices of the peace instead of the police court. * * * All which was without authority of law, and done under color and not by virtue of their offices.

" 6. That Sneer, under said illegal advice, and acting for months in concert with the other defendants, did order and procure the police of the city to make no arrests for violations of city ordinances, nor make returns of any persons arrested for unlawful conduct to the police court, with the unlawful and malicious intent to cut off plaintiff's emoluments and compel him to accept said one thousand dollars and pay his lawful fees into the city treasury. Although plaintiff in fact says that there were a great many violations of law and city ordinances, which, on account of said orders, were allowed to go unpunished, and large numbers of persons arrested were, in consequence of said orders, returned to and prosecuted before justices of the peace, who, but for said orders, would have been prosecuted in the police court, by which plaintiff was deprived of the usual and appropriate business of the police court and of many hundreds of dollars of emoluments which would otherwise have accrued to him."

The demurrer is lengthy, and states seven grounds why the plaintiff should not recover. No complaint is made it is not sufficiently specific. Instead, therefore, of setting it out we deem it sufficient to say it in substance presents the question that the facts stated are not sufficient to entitle the plaintiff to the relief asked.

The right to recover we think depends upon a proposition or two which may be briefly stated. *First.* Did the plaintiff have the legal right to the fees fixed by law during the whole term for which he was elected, and if he did could the defendants by ordinance deprive him of

1. TORT: when recoverable for.

such emoluments? Whether he was so entitled it is unnecessary to determine, for if he was, his right thereto still exists, the ordinance being simply void. It was not in the power of the defendants to deprive the plaintiff of a fixed and vested right. If he was not so entitled to said fees then the defendants did nothing unlawful in enacting the ordinance. *Second.* Did the defendant as police justice have exclusive jurisdiction of violations of the criminal laws of the State or of the ordinances of the city? It is not claimed he had. But it is said 2. —: ——. the defendants directed offenders when arrested to be taken before justices of the peace and thereby the defendant was deprived of the fees he would have received if such offenders had been taken before him. This action on the part of defendants is said to have been unlawful. There is no statute so providing, and we are unable to see why the defendants as the representatives of the city could not for the city, like natural persons, select its tribunal. Unless the jurisdiction of the police justice was exclusive he has not been deprived of anything to which he was legally entitled. *Third.* Has the plaintiff a right of action against the defendants because many violations of law were allowed to go unpunished, 3. —: ——. and because the defendants acted with no regard to the proper enforcement of the law? Clearly not, we think. For the matters just stated the defendants are amenable only to the public, and the defendant has no such interest therein as to give him a right of action. In this subject there is no difference in principle between this case and *Welch v. Board of Supervisors*, 23 Iowa, 199.

As the defendants did nothing unlawful, it is immaterial whether they conspired to do so or not. Besides, the demurrer only admits what is well pleaded, and there are no facts alleged upon which such a charge can be properly based. The allegation that parties conspired together and maliciously did an act cannot alone make a cause of action where nothing unlawful has been done. Cooley on Torts, 189–279.

AFFIRMED.