(April 4, 1912.)

H. H. BARTON, Appellant, v. E. M. ROGERS et al., Respondents.

[123 Pac. 478.]

LIBEL—PLEADING—MALICE—POWERS OF SCHOOL BOARD.

(Syllabus by the court.)

1. Where the board of trustees of an independent school district enter orders and pass resolutions with reference to the government and conduct of the school and the duties of the teachers and superintendent, and such orders and resolutions clearly fall within the powers and authority of the school board under the law, the motives and purposes of such board cannot be put in issue in an action for damages under the charge of civil libel.

2. A school board cannot be protected in the use of libelous language or charges against a teacher under the pretext of discharging official duties, but so long as their actions are clearly within the purview of the law and such as they have an unquestionable right to perform, and they use lawful means in the performance of the act, they cannot be held liable in an action for libel, even though it be charged that they performed the act in pursuance of a conspiracy among their members or through a malicious motive.

3. In contemplation of law, there can be no malice or conspiracy where the thing to be done is lawful and the means employed in doing the thing are also lawful.

see p. 616

4. The courts must judge the intent a man has in doing the act by the means he employs and the thing to be accomplished, and if they all be lawful, courts cannot impute malice or unlawful motives to the actor.

5. The complaint in this case examined and considered and, *held*, that it fails to state a cause of action.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. John M. Flynn, Judge.

Action for libel. Judgment for defendant. Plaintiff. appeals. *Affirmed.*

W. H. Plummer, and Thos. Mullen, for Appellant.

Since when has it become the law that persons may lawfully band together to injure another in his profession, hold him up to public contempt and ridicule and ruin him in his business? (8 Cyc. 651; *Wildee v. McKee,* 111 Pa. 335, 56 Am. Rep. 271, 2 Atl. 108.)

Where persons combine, not for the purpose of protecting or advancing their own legitimate interests, but for the purpose of injuring another in his trade or business, they are guilty of an unlawful conspiracy, which, when executed and when damages result therefrom, is actionable. (8 Cyc. 650, 651, and cases cited.)

R. T. Morgan, and Elder & Elder, for Respondents.

An act authorized by law and done in a lawful manner is not actionable, and a conspiracy will not render unlawful an act which is in itself lawful. (*Boston v. Simmons,* 150 Mass. 461, 15 Am. St. 230, 23 N. E. 210, 6 L. R. A. 629; *Van Horn v. Van Horn,* 52 N. J. L. 284, 20 Atl. 485, 10 L. R. A. 184; *Porter v. Mack,* 50 W. Va. 581, 40 S. E. 459.)

The allegation that the parties combined together and maliciously did an act cannot alone make a cause of action where nothing unlawful has been done. (*McHenry v. Sneer,* 56 Iowa, 649, 10 N. W. 234; Cooley on Torts, pp. 189, 279.)

No action lies for conspiracy unless it be shown that the end sought to be accomplished by the conspirators was unlaw-

ful, or, if lawful, that the means resorted to for its accomplishment were unlawful. (*Boasberg v. Walker,* 111 Minn. 445, 127 N. W. 467; *Macauley v. Tierney,* 19 R. I. 255, 61 Am. St. 770, 33 Atl. 1, 37 L. R. A. 455; *Dunshee v. Standard Oil Co.* (Iowa), 126 N. W. 343; *Cohen v. Fisher & Co.,* 135 App. Div. 238, 120 N. Y. Supp. 546; *National Fireproofing Co. v. Mason Builders' Assn.,* 169 Fed. 259, 94 C. C. A. 535, 26 L. R. A., N. S., 148; *Atchison etc. Ry. Co. v. Brown,* 80 Kan. 312, 133 Am. St. 213, 18 Ann. Cas. 346, 102 Pac. 459, 23 L. R. A., N. S., 247.)

In a civil action for conspiracy, the damage sustained must be a legal damage, directly resulting from the wrong, not damages which are uncertain, intangible and remote. (*Von Au v. Magenheimer,* 196 N. Y. 510, 89 N. E. 1114.)

AILSHIE, J.—This is an action for libel. The plaintiff alleges that for many years prior to August 1, 1909, he had been engaged in performing the duties incident to the profession of teaching and superintending public schools; that he had earned a lucrative salary at his profession; that for some four years continuously previous thereto he had been employed by the board of trustees of Independent School District No. 1 of Kootenai county as superintendent of the schools of that district; that during the entire term he had been so employed he had been diligent in his profession and rendered efficient and satisfactory service to the board and the school district; that at all the times covered by the acts complained of the defendants were the members of the board of trustees of Independent School District No. 1 of Kootenai county; that prior to the 6th day of April, 1909, and while the plaintiff was so engaged and employed as superintendent of the schools of Independent School District No. 1 of Kootenai county, he became a candidate for the office of city clerk of the city of Coeur d'Alene, to be voted upon at the election held in the city of Coeur d'Alene on the 6th day of April, 1909, and that the defendants were during that time actively supporting and using every possible effort to procure the election of another candidate to the office of city

clerk, and that the defendants, as members of the board of trustees, used every effort possible to dissuade and prevent plaintiff from becoming a candidate or engaging in the campaign for election to such office, and that they "unlawfully conspired together and acted with each other in doing everything possible to humiliate, degrade and injure the plaintiff' in said campaign, and attempted in various ways to compel plaintiff to withdraw his name as candidate on said ticket for said city clerk, and failing in this said defendants promulgated and carried on a system of acts and doings for the purpose of humiliating, mortifying and degrading plaintiff publicly and injuring him in the estimation of the public and in his reputation and standing in his profession, and as a citizen and resident of the community"; that defendants, failing to prevent the candidacy of plaintiff, did thereafter "maliciously, unlawfully, knowingly and for the purpose of slandering and libeling plaintiff, and without any reason therefor, and without any foundation, right or motive other than malice and revenge, cause the following resolutions and orders to be adopted, passed and made of record in the books and records of said school district of which defendants were members:

"Coeur d'Alene, April 13, 1909.
"H. H. Barton,
          "Sup't Schools.
"Dear Sir:
     "You are hereby notified that the following resolution was passed unanimously by the Board at its meeting April 12, 1909, and you will govern yourself accordingly.

     "Resolution as follows: On motion duly made and carried unanimously it was ordered that the Superintendent be required to be in his office from 8:30 to 12 o'clock in the forenoon and from 1 to 5 o'clock in the afternoon, except when otherwise ordered by written notice from the Board.

     "Signed by the Clerk thereof; and that he issue no order therefrom except on written authority of the Board.
                    "Respectfully,
                         "(Signed)   F. D. WINN,
                              "A Clerk.

## "ORDER NO. 1.

"Coeur d'Alene, April 13, 1909.

"H. H. Barton,

"Sup't Schools.

"Dear Sir: You will require the grade and high school teachers to prepare the examination papers for their pupils, examine and grade the same and deliver papers when completed to Mr. A. C. Davis.

"By order of the Board.

"(Signed)   F. D. WINN,
"A Clerk.

## "ORDER NO. 2.

"Coeur d'Alene Public Schools,

"Independent District No. 1.

"Officers of the Board:

"J. C. White, Chairman.

"F. D. Winn, Clerk.

"Wm. Dollar, Treasurer.

"W. A. Andrew, Ass't. Clerk.

"H. H. Barton, Sup't Coeur d'Alene, Idaho.

"Coeur d'Alene, Idaho, April 15, 1909.

"H. H. Barton,

"Sup't.

"Dear Sir: By order of the Board you are required to attend a meeting of the Board at the Clerk's Office this morning April 15, immediately on receipt of this Notice.

"(Signed)   F. D. WINN,
"Clerk.

## "ORDER NO. 3.

"Coeur d'Alene Public Schools,

"Independent District No. 1.

"Officers of the Board:

"J. C. White, Chairman.

"F. D. Winn, Clerk.

"Wm. Dollar, Treasurer.

"W. A. Andrew, Ass't Clerk.

"H. H. Barton, Sup't. Coeur d'Alene, Idaho.

"Coeur d'Alene, Idaho, April, 15, 1909.

"Sup't Barton.

"You are hereby directed to take all necessary steps to complete a suitable exhibition of school work for educational exhibit at the Alaska Yukon Fair, and to provide, arrange and carry out suitable programme for Arbor Day.

"By order of the Board.

"(Signed)  F. D. WINN,

"A Clerk.

**"ORDER NO. 4.**

"Coeur d'Alene, Idaho, April 16, 1909.

"H. H. Barton,

"Sup't Schools.

"Dear Sir: You will prepare, for the use of the Board, a statement showing the yearly increase in the High School since its foundation, make an estimate therefrom of probable future requirements, and incorporate such other matter therein as will enable the Board to place the necessity of a new High School fairly before the District.

"By order of the Board.

"(Signed)  F. D. WINN,

"A Clerk.

**"ORDER NO. 5.**

"Coeur d'Alene, April 18, 1909.

"H. H. Barton,

"Sup't Schools.

"Dear Sir: You will draw requisition on Mr. Andrew for such supplementary readers and supplies for the different schools as their necessities require; limited of course by the supply on hand.

"By order of the Board.

"(Signed)  F. D. WINN,

"A Clerk.

"ORDER NO. 6.
"Coeur d'Alene, April 19, 1909.

"H. H. Barton,
    "Sup't Schools.

"Dear Sir: You will issue orders to the proper teachers requiring the admission of all new pupils applying for admission in such schools as may best accommodate them.

"By order of the Board.

"F. D. WINN,
"A Clerk.

"ORDER NO. 7.
"Coeur d'Alene, April 21, 1909.

"H. H. Barton,
    "Sup't Schools.

"Dear Sir: You are hereby notified that the following action was taken by the Board at a special meeting held April 20, 1909.

"Whereas Professor Barton has expressed a desire to work in harmony with the Board for the balance of his term.

"Therefore Be it Resolved that order issued April 13, relative to the duties of Sup't Barton, be and the same is hereby suspended upon the condition that Sup't Barton act in harmony with the Board for the upbuilding of the Schools, and the strengthening of the hands of the teachers and that in every honorable way he use his influence to that end.

"By order of the Board.

"(Signed)    F. D. WINN,
"A Clerk.

"ORDER NO. 8.
"Coeur d'Alene Public Schools,
"Independent District No. 1.

"Officers of the Board:
    "J. C. White, Chairman.
    "F. D. Winn, Clerk.
    "Wm. Dollar, Treas.

"W. A. Andrew, Ass't Clerk.

"H. H. Barton, Sup't.

"Coeur d'Alene, Idaho, May 20, 1909.

"Mr. H. H. Barton.

"Sup't.

"It is the order of the School Board that the Chairman present the diplomas to the members of the graduating class at the commencement exercises this evening.

"(Signed)    J. C. WHITE,

"Chairman.

## "ORDER NO. 9.

"Coeur d'Alene Public Schools,

"Independent District No. 1.

"Officers of the Board:

"J. C. White, Chairman.

"F. D. Winn, Clerk.

"Wm. Dollar, Treasurer.

"W. A. Andrew, Ass't Clerk.

"H. H. Barton, Sup't.

"Coeur d'Alene, Idaho, June 21, 1909.

"Mr. H. H. Barton:

"You will deliver to the undersigned all property of Ind. School District No. 1 Kootenai Co., Idaho, that may be in your possession.

"By order of the Board.

"(Signed)    F. D. WINN,

"A Clerk."

That defendants well knew when they passed these resolutions that there was no reason or cause therefor, and that they knew at the time of passing such resolutions that to do so would injure, degrade, and humiliate the plaintiff and would prevent his procuring further employment in his profession, and would result in destroying his profession and leaving him without a profession or means of employment or procuring a livelihood, and plaintiff claimed damages in the sum of $30,000.

The trial court sustained a demurrer to the complaint on the ground that the complaint failed to state a cause of action. Judgment was thereupon entered and plaintiff appealed.

The only question presented on this appeal is the sufficiency of the complaint to state a cause of action. The foregoing resolutions and communications comprise all of the acts and things charged against the defendants as constituting the injury and cause for the damages sought herein.

Under subd. 11 of sec. 658, Rev. Codes (the same as subd. 11 of sec. 129 of the School Law of 1911, p. 531), the board of trustees of an independent school district is authorized "to require teachers to conform to the laws of the state and regulations of the school board.". Subd. 1 of the same section authorizes the board "to make such by-laws for the government of the schools as they may deem expedient, not inconsistent with the laws of the state," and subd. 2 authorizes them to "employ or discharge teachers." They may discharge a teacher without cause. (*Ewin v. Ind. School Dist. No. 8,* 10 Ida. 102, 77 Pac. 222.) It is admitted that the defendants made and adopted the resolutions of which the appellant complains while acting "as a board of school trustees," and that they had the power and authority to make these orders and resolutions. They all had reference to the government of the school and the duties of the appellant as superintendent thereof. The appellant contends, however, that no reason or cause existed for the passage of such orders and resolutions, and that the necessities of the occasion or requirements of the situation did not demand this action, and that in fact it was not done out of any solicitude or necessity for the schools, but out of malice and ill-will and for the purpose and motives of revenge alone. This proposition brings us face to face with the *quaere:* Can the motives and purposes of a school board when performing an *official act clearly within their powers under the law* be put in issue in an action for damages under the charge of a civil libel? The answer must inevitably be in the negative. They have no right to employ libelous language in the performance of their official duties and cannot shield themselves behind their

official character where they have overstepped their authority or exercised official powers in an unlawful manner, but so long as their acts are clearly within the purview of the statute and are such as they have an unquestioned right to perform, they should not be subject to an action for libel on the charge of conspiracy or malice in doing the act. (*Henry v. Moberly,* 6 Ind. App. 490, 33 N. E. 981; Cooley on Torts, 3d ed., p. 431.)

It is quite generally held that what a person may lawfully do may be done with or without malice. (*Carpenter v. Grimes Pass Co.,* 19 Ida. 384, 114 Pac. 42; *M'Hanry v. Sneer,* 56 Iowa, 649, 10 N. W. 234; *Porter v. Mack,* 50 W. Va. 581, 40 S. E. 459; *State v. Huegin,* 110 Wis. 189, 85 N. W. 1046; note 9, p. 727 of 62 L. R. A.; *Macauley v. Tierney,* 19 R. I. 255, 61 Am. St. 770, and notes, 33 Atl. 1, 37 L. R. A. 455.) In other words, there can be no legal malice in contemplation of law where the thing done is lawful and the means employed are lawful. Courts must judge the intent a man has in doing an act by the means he employs and the thing to be accomplished, and if they all be lawful, courts cannot impute malicious or unlawful motives to the actor. . Many acts of a school board or other public body or board may indirectly injure some one, but such injury must be borne as an incident which attaches to the public service and dealings with such officers or public agencies. A school board may dismiss a teacher and the result will be necessarily injurious to the teacher, but no action for damages will lie. City authorities might dismiss a police officer while he is a candidate for an elective office or an applicant for some more lucrative position and thereby do him irreparable injury; yet the city council would not be liable in damages. These things are hazards incident to the employment, and such public employees must take their chances on such contingencies.

The demurrer was properly sustained and the judgment is *affirmed.* Costs awarded in favor of respondents.

Stewart, C. J., and Sullivan, J., concur.