(September 17, 1912.)

GEORGE H. LUDWIG, Appellant, v. JOHN ELLIS, Sheriff of Bannock County et al., Respondents.

[126 Pac. 769.]

NONSUIT—GROUNDS.

(Syllabus by the court.)

1. Sec. 4354, Rev. Codes, specifies the grounds upon which an action may be dismissed or a judgment of nonsuit entered, and the insufficiency of the complaint to state a cause of action is not one of the grounds specified in such statute.

2. The insufficiency of the allegations of a complaint cannot be urged upon the appeal where it appears from the record that the defect in the complaint urged is cured by allegations in the answer covering the matter which it is claimed should have been contained in the complaint.

3. Where the complaint is ambiguous, unintelligible or uncertain, and a demurrer is not filed to said complaint setting forth said grounds, or a demurrer is filed and withdrawn and an answer filed, such defect in the complaint is waived, where the objection is not a material fact, or want of averment of a fact essential to constitute a cause of action, and is purely one of ambiguity or uncertainty.

4. In an action to recover damages for false imprisonment, where it is alleged that the arrest is an unlawful violation of the personal liberty of another, and the evidence is conflicting, it is error for the

trial court to withdraw said cause from the jury and sustain a motion for a nonsuit.

5. In an action to recover damages for false imprisonment, where the evidence shows without conflict that the officer was advised at the time of the arrest that such person was not the person named in the warrant, and was advised and informed by persons who were acquainted with the person arrested that such person was not the person named in the warrant, and was not at the place where the crime was committed, and there is no evidence showing that the officer had any knowledge of any facts or circumstances or had any description which in any way pointed to the appellant as the person named in the warrant, it is error for the trial court to withdraw the case from the jury and sustain a motion for a nonsuit, as the question of illegal arrest, under the facts, was a question for the jury.

APPEAL from the District Court of the Fifth Judicial District for Bannock County. Hon. Alfred Budge, Judge.

An action for the recovery of damages for false imprisonment. Judgment of nonsuit. *Reversed.*

Hansbrough & Gagon, for Appellant.

If a complaint fails to set forth material facts so that no cause of action is stated, but the answer avers such facts, the omission in the complaint becomes immaterial, and the defect therein is cured by answer. (1 Sutherland on Pleading, sec. 361; *State v. Thum,* 6 Ida. 323, 55 Pac. 858; *Ferrera v. Parke,* 19 Or. 141, 23 Pac. 883; *Shively v. Semi-Tropic Land & Water Co.,* 99 Cal. 259, 33 Pac. 848; *Burns v. Cushing,* 96 Cal. 669, 31 Pac. 1124; *Gwillim v. First Nat. Bank,* 13 Colo. 278, 22 Pac. 458; *Hamilton v. Great Falls St. Ry. Co.,* 17 Mont. 334, 42 Pac. 860, 43 Pac. 713; *Drake v. Sworts,* 24 Or. 198, 33 Pac. 563; *Limberg v. Higgenbotham,* 11 Colo. 156, 17 Pac. 481.)

False imprisonment is the unlawful violation of the personal liberty of another. Neither malice nor want of probable cause is an element of the right to recover for false imprisonment. (3 Sutherland on Pleading, sec. 3839; *Kroeger v. Passmore,* 36 Mont. 504, 93 Pac. 805, 14 L. R. A., N. S., 988.)

Clark & Budge, for Respondents.

It is not contended that the act of Sterrett, the deputy, was committed in the execution of any duty of his office. On the contrary, it is specifically alleged that appellant's arrest, detention and imprisonment were all "without any right or authority." The complaint does not state a cause of action. (*People v. Beach,* 49 Colo. 516, 113 Pac. 513; *People v. Pacific Surety Co.* (Colo.), 109 Pac. 961.)

STEWART, C. J.—This action was commenced by the appellant against the respondent for the purpose of recovering the sum of $5,000 damages for false imprisonment, and $260 special damages, sustained on October 24, 1910. Answer to the complaint was made by the defendant, putting in issue the allegations of the complaint and alleging the facts with reference to the arrest and imprisonment of the plaintiff. A jury was called to try the case, and at the conclusion of the evidence of the plaintiff a motion was made by the defendant for a nonsuit upon two grounds: First, that the evidence failed to establish a case sufficient to submit to the jury; second, that the complaint does not state a cause of action. This motion was sustained, and a judgment of dismissal of the cause was entered. This appeal is from the judgment thus rendered.

The allegations of the complaint are in substance as follows: That John Ellis is sheriff of Bannock county, state of Idaho, and that W. F. Kasiska, J. B. Bistline and E. C. White are sureties upon his official bond; that a copy of the bond is attached to the complaint; that on or about the 30th day of April, 1910, in the state of Wyoming, the defendant, John Ellis, by himself and his deputies and attachés of his office, "did then and there by force, overpower, and restrain of his liberty this plaintiff, and then and there imprison him the said plaintiff, by restraining him of his liberty, and that the said John Ellis, sheriff as aforesaid, by his deputies as aforesaid, then forcibly took and conveyed said plaintiff from the state of Wyoming to Bannock county, in

the state of Idaho, and there forcibly placed the said plaintiff under arrest, and took plaintiff to the city of Pocatello in said Bannock county, Idaho, and then and there imprisoned the said plaintiff and detained him and restrained him of his liberty in all for the space of nine days without probable cause and without any right or authority so to do, and against the will of the plaintiff, whereby the plaintiff was humiliated and disgraced and injured in his credit and was prevented from attending to his business during that time, to his damage in the sum of five thousand ($5,000.00) dollars.''

The complaint also alleges special damages in the sum of $260 for loss of time and upon contracts, which the plaintiff was prevented from keeping and performing by reason of such imprisonment.

The answer, after denying the material allegations of the complaint, alleges that on or about the 5th day of April, 1910, a complaint was filed in the justice court of Pocatello by James S. Campbell against one George Ludwig, charging Ludwig with the crime of embezzlement, and that on said day a warrant was issued out of the justice court directed to the sheriff of Bannock county, requiring him to arrest Ludwig to answer said charge; that such warrant was delivered to S. R. Sterrett, deputy sheriff of Bannock County, who was informed that Ludwig was in the ''Jackson Hole'' country, Wyoming; that Sterrett proceeded to Wyoming and to the home of the plaintiff, and finding plaintiff, whose name and description answered the description of George Ludwig for whom he had a warrant, and for whom he had been in search, and who was unknown to the defendant Ellis or his deputies, said Sterrett read to Ludwig the warrant which he had for him, and that the plaintiff denied that he was guilty of the offense, but that he volunteered to accompany Sterrett to Pocatello, Bannock county, for the purpose of satisfying Sterrett that he was not the person wanted, and that the plaintiff without force or compulsion or coercion accompanied the sheriff and without being placed under arrest. It is also alleged that the warrant of arrest was shown to the plaintiff about the 25th of April, 1910, and that the plaintiff

was in the company of the sheriff for about two and one-half days in coming from Wyoming to the city of Pocatello, and that on the fourth day from the time plaintiff and said deputy sheriff left Wyoming it was established to the satisfaction of the justice court that the plaintiff was not the person named in said criminal complaint, and that the plaintiff was not under arrest or restraint, either in Wyoming or at any time after leaving Wyoming, until his appearance in the justice court, but that plaintiff accompanied the deputy sheriff of his own free will, and was at liberty to go and come as he pleased while in the city of Pocatello.

We shall first consider the second ground assigned, and upon which such motion was sustained. The record shows that a demurrer was filed to the complaint in the district court, and that such demurrer was withdrawn and an answer thereafter filed.

Sec. 4354, Rev. Codes, provides: "An action may be dismissed, or a judgment of nonsuit entered, in the following cases: . . . . ," and the cases enumerated do not cover the objection that the complaint does not state facts which constitute a cause of action. In other words, the insufficiency of the complaint is not a ground upon which a motion for a nonsuit may be based.

There is another reason why the insufficiency of the complaint cannot be urged upon this appeal, and that is, that the alleged defect in the complaint urged by appellant is cured by the allegations of the answer, which contains allegations covering the matter which it is claimed should have been contained in the complaint. (*State v. Thum*, 6 Ida. 323, 55 Pac. 858.) It is also proper to observe in this connection that if the complaint was ambiguous, unintelligible or uncertain, a demurrer should have been filed upon such grounds, and having failed to do so, the defendant has waived all right, and especially is this true where the objection urged is not a material fact, or want of averment of a fact essential to constitute a cause of action, and is purely one of ambiguity or uncertainty. (*Aulbach v. Dahler*, 4 Ida. 654, 43 Pac. 322; *Hollister v. State*, 9 Ida. 651, 77 Pac. 393.)

The first ground of the motion for nonsuit, and which the court assigns as a reason for sustaining such motion, is, that the evidence fails to establish a case sufficient to submit to the jury.

The facts shown by the evidence are clearly as follows: That a complaint was filed in the justice court in Pocatello precinct, Bannock county, Idaho, charging one George Ludwig with the crime of embezzlement, committed in Bannock county in April, 1910, and that a warrant was issued out of said justice court directed to the sheriff and delivered to the sheriff and placed in the hands of S. R. Sterrett, who was then deputy sheriff of said county, requiring him to apprehend and arrest George Ludwig and bring him before the court to answer said charge; that the deputy sheriff, S. R. Sterrett, left Bannock county and went into the state of Wyoming, near Cheney, where the appellant resides, and there placed the appellant under arrest; that at the time of the arrest and after the warrant had been read to the appellant, the appellant protested his innocence, and informed the deputy sheriff that he was not the George Ludwig wanted by said charge, and demanded his discharge; that appellant informed the deputy sheriff at that time that he had the wrong man, and that the deputy sheriff informed him that he had no authority to turn him loose, but that he would have to take him to Pocatello; and that in the course of the journey they met friends of the appellant and persons who identified the appellant, and informed the deputy sheriff that the appellant was the wrong man and not the one called for by the warrant, and that the deputy sheriff remarked each time that it was his duty to take the man in accordance with the warrant; and that at the time the arrest or attempted arrest was made in Wyoming, the appellant told the deputy sheriff that he was wet and troubled with rheumatism, and requested the deputy sheriff to take him to his home, a distance of only a couple of miles, and permit him to get some dry clothing, and that this request was refused, and said officer took him to Jackson, Wyoming, that night, and then took him out of the state of Wyoming the next day, by stage, into Idaho,

and brought him to the city of Pocatello, where upon investigation it was clearly shown that he was not the George Ludwig charged or the George Ludwig named in the warrant, and the cause was dismissed against him.

The details of the arrest and the treatment given the appellant by the sheriff, from the time of the arrest, or assumption of authority over the appellant in Wyoming, up to the time he was taken to Pocatello, may be recognized as having been kind and respectful; and in no way abusive, cruel or negligent, but the arrest and restraint clearly appear, as well as the refusal of the sheriff to release the appellant on his being identified as not the person named in the warrant, such information being corroborated by others, that the appellant was not the party named in the warrant. The facts show that the appellant accompanied the deputy sheriff and submitted to the authority by reason of the fact that the deputy sheriff possessed the warrant and demanded of appellant, under such warrant, that said appellant submit and accompany such deputy sheriff to the court out of which such warrant was issued.

Sec. 6721, Rev. Codes, defines false imprisonment as follows: ''False imprisonment is the unlawful violation of the personal liberty of another.'' In 19 Cyc., at pp. 319 and 320, the author announces the general rule, and collates the authorities supporting such rule as follows: ''All of the authorities declare that neither malice nor ordinarily want of probable cause is an essential element of the right of action. If the imprisonment is lawful, it does not become unlawful because done with malicious intent; if the conduct be unlawful, neither good faith, nor provocation, nor ignorance of the law is a defense to the person committing the wrong, in a civil as distinguished from a criminal proceeding.'' The same general rule is announced by this court in *Barton v. Rogers,* 21 Ida. 609, 123 Pac. 478.

In the case of *In re Moyer,* 12 Ida. 250, 118 Am. St. 214, 85 Pac. 897, 12 L. R. A., N. S., 227, this court had under consideration the question as to whether a person charged with

a crime committed in this state, who was found in another state after such offense had been committed, and was there apprehended upon warrant of the executive of the state where found, upon a requisition of the executive of the state of Idaho, where the crime was committed, based upon a warrant issued by a court of competent jurisdiction, could be released within the state of Idaho upon a writ of *habeas corpus,* upon the ground that such person was illegally apprehended and brought within this state, in violation of the constitutional rights of the applicant, inasmuch as the writ of the officer showed the legal arrest and imprisonment occurred after such person was within the borders of the state.

There can be no question in this case, under the facts proven at the trial, but that the sheriff of Bannock county had authority to apprehend and imprison the person named in such warrant for the purpose of forcing such person to appear and answer such charge at any place within the borders of the state, but the jurisdiction to act by virtue of such warrant was limited to the borders of this state, and conferred no jurisdiction or authority whatever for the sheriff to make an arrest or force the appellant to subject himself to be brought within the state to answer such charge, and in so doing he was acting entirely at his own risk, and without the scope of his authority as such deputy, and for which the undertaking sued upon in this action in no way obligated the sureties. But notwithstanding the fact that the appellant's arrest in the state of Wyoming was illegal, and that the appellant was illegally or wrongfully brought within the state of Idaho, such illegal acts on the part of the deputy sheriff do not defeat or render illegal the jurisdiction acquired over the appellant by his arrest made under said warrant upon his arrival within the borders of the state, inasmuch as the warrant held by the deputy sheriff authorized such deputy sheriff to arrest and detain the appellant wherever found within the borders of the state of Idaho, and the method or means by which the appellant was brought within the state, or the inducement which led him to place himself within the jurisdiction of the officer, could in no way affect the jurisdiction acquired by the arrest

after he came within the borders of the state and the jurisdiction of the officer. (*In re Moyer, supra.*)

There is no conflict in the evidence that the warrant called for the arrest of George Ludwig upon the charge of embezzlement committed in Pocatello, Idaho, and that this warrant was placed in the hands of the sheriff, and the sheriff's deputy went to the state of Wyoming, where he found the appellant, and when the warrant was read to the appellant, and he was informed that he was under arrest, he informed the sheriff that he was not the person named in the warrant; that while his name was George Ludwig, he was not in Pocatello, and did not commit the offense; and that such statement of the appellant was corroborated by his son; that a witness, in addition, corroborated the statement of the appellant; that upon the officer refusing to release the appellant, and still asserting authority to detain the appellant, and on the journey from the state of Wyoming to Idaho, and after coming within the borders of Idaho, at the town of Victor, said officer was informed by a witness, who testified he told the officer he had the wrong man, that such witness had known appellant for a number of years and had never known him to be out of Wyoming; and that this was told to the officer within the state of Idaho, and the officer told him that he had the appellant under arrest, but did not believe that he was the right man; and after arrival at Pocatello the mother in law of the George Ludwig named in the warrant testified that the appellant was brought to her home in Pocatello for the purpose of identification, and she told the officer that her son in law, named in the warrant, was a much larger man—big, fat fellow, with gold teeth and bald head—and that there was no resemblance between that Ludwig and the appellant, and that no inquiry was made of her by anyone for a description of the George Ludwig wanted prior to the arrest of the appellant. Such evidence was sufficient to sustain the allegations of the complaint, and clearly made it the duty of the trial court to submit such questions to the determination of the jury.

The facts thus proven clearly show that the appellant bore the same name as the person named in the warrant, yet the uncontradicted testimony shows that the deputy sheriff was advised and shown that he was not the man wanted, from the very moment that the warrant was read to the appellant in Wyoming to the time he was released at Pocatello, and there is no evidence whatever or circumstances shown by the evidence which in any way indicate that the deputy sheriff had any knowledge whatever of any circumstance or the description which in any way pointed to the appellant as the person named in the warrant. Under these circumstances it was the duty of the court to submit such questions to the jury, and it was error to sustain a motion for a nonsuit. (*Clark v. Winn,* 19 Tex. Civ. 223, 46 S. W. 915; *Landrum v. Wells,* 7 Tex. Civ. 625, 26 S. W. 1001; *Maliniemi v. Gronlund,* 92 Mich. 222, 31 Am. St. 576, 52 N. W. 627.)

We find no other question presented upon the record which demands any further consideration. The judgment is *reversed.* Costs awarded to appellant.

Ailshie and Sullivan, JJ., concur.