533 P.2d 730

Orrin M. GARDNER, Plaintiff-Appellant,

v.

Gordon HOLLIFIELD et al., Defendants-Respondents.

No. 11595.

Supreme Court of Idaho.

April 2, 1975.

**610**

Frank Benson, John Hjellum II, Jerry W. Korn, Boise, for plaintiff-appellant.

Frank Rettig, of Rettig & Fredericksen, Jerome, for defendants-respondents.

McFADDEN, Justice.

Plaintiff-appellant Orrin M. Gardner appeals from a district court order dismissing his complaint for failure to state a claim upon which relief can be granted. In his complaint, Gardner attempts to set forth two claims, one against the defendant-respondent board of trustees for failure to renew his teaching contract, and a separate claim against defendant-respondent John B. Campbell, district superintendent of schools, based upon Campbell's statement to the school board to the effect that Gard-

ner was "incompetent as a school teacher and was not doing a competent job."

The following facts are among those alleged by Gardner in his complaint: He is a certified public school teacher, and he had been continuously employed by the school district from 1954 to 1971. As a result of his continuous employment as a teacher, he was entitled by statute[1] to have his teaching contract renewed. On or about February 12, 1971, the defendant superintendent told the school board that Gardner was "incompetent as a school teacher and was not doing a competent job," which statement the superintendent "well knew" to be false. Acting in accordance with the superintendent's recommendation, the school board voted to refuse to renew Gardner's contract (the specific time of this board action was not set out in the complaint). On or about February 26, 1971, the defendant superintendent directed Gardner's supervising principal to solicit Gardner's resignation; Gardner was advised by his principal that he would be in a much better position to obtain future employment with another school district if he were to resign than if he were to be discharged by the superintendent. Upon his principal's recommendation, Gardner signed a resignation form. On or before March 30, 1971, Gardner "notified the defendants" in writing that he wished to withdraw his resignation. At the same time, Gardner asserted his statutory right to have his contract renewed.

The respondents filed a motion to dismiss for failure to state a claim upon which relief can be granted, and the district court entered a memorandum decision dismissing the complaint and giving Gardner 15 days to amend his complaint. It is from this dismissal that Gardner has appealed.

 Upon a rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must be viewed in the light most favorable to the plaintiff, it must be given the benefit of every reasonable intendment,

---

1. I.C. § 33–1212 as adopted. This statute was amended by S.L.1973, Ch. 126, which amendment came subsequent to commencement of this litigation.

and every doubt must be resolved in its favor. Stewart v. Arrington Const. Co., 92 Idaho 526, 530–531, 446 P.2d 895 (1968); *see* Idaho Comm'n on Human Rights v. Campbell, 95 Idaho 215, 217, 506 P.2d 112 (1973); 5 Wright & Miller, Federal Practice and Procedure: Civil § 1357 (1969). In other words, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Wackerli v. Martindale, 82 Idaho 400, 353 P.2d 782 (1960); Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L. Ed.2d 80 (1957); see Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam); *cf.* I.R.C.P. 8(a) (calling for "a short and plain statement of the claim showing that the pleader is entitled to relief").

■ A complaint is subject to dismissal under Rule 12(b)(6) when an affirmative defense appears on the face of the complaint itself. Stewart v. Arrington Const. Co., supra, 92 Idaho at 530, 446 P. 2d 895; 2A Moore's Federal Practice ¶ 8.-28, p. 1863 (1974); 5 Wright & Miller, Federal Practice and Procedure: Civil §§ 1277, 1357 (1969). If an affirmative defense is not disclosed by the complaint itself, the defense may not be raised by motion to dismiss, except where "matters outside the pleading are presented to and not excluded by the court," in which case "the motion shall be treated as one for summary judgment." I.R.C.P. 12(b); *see* Cook v. Soltman, 96 Idaho 187, 525 P.2d 969 (1974); 2A Moore's, supra; 5 Wright & Miller, supra; Stewart v. Arrington Const. Co., supra, 92 Idaho at 531, 446 P.2d 895.

Under I.C. §§ 33–1212 (as it read in 1971), appellant Gardner, as a certificated employee, had "the right to automatic renewal of contract by giving notice, in writing, of acceptance of renewal * * * to the board of trustees of the school district then employing [him] not later than the first day of April preceding the expiration of the term of the current contract." In

addition, the school board had a statutory obligation to notify Gardner by March 10 of his duty to accept renewal by April 1, unless by March 1 the board had notified him of its determination not to renew his contract. I.C. §§ 33–1212 and 33–1213 (prior to 1973 amendment). The respondents argue that Gardner's complaint itself shows that he had waived his right to automatic renewal or that he should be estopped from asserting it. Their position is that

> "Plaintiff's pleadings show conclusively that at the critical time when the Board had opportunity to serve the notice and afford Plaintiff a hearing he chose to submit his resignation, in preference to standing on his rights under the tenure law, thereby lulling the Board into believing that he would not continue his services as a teacher in the system for the ensuing year."

■ Waiver and estoppel are, of course, both affirmative defenses. I.R.C.P. 8(c). These defenses may be asserted by a 12(b)(6) motion to dismiss only when they appear on the face of the complaint itself. Sidebotham v. Robison, 216 F.2d 816, 829 (9th Cir., 1954) (estoppel); *see* Stewart v. Arrington Const. Co., supra, 92 Idaho at 530, 446 P.2d 895; 2A Moore's, supra; 5 Wright & Miller, supra. We do not doubt that a teacher's resignation may result in a waiver of his rights under a tenure statute. *See generally* Annot., 145 A.L.R. 1078 (1943). But the question here is not whether the defenses asserted by respondent are viable but whether they appear on the face of the complaint.

■ In French v. Board of Education, 265 Cal.App.2d 955, 71 Cal.Rptr. 713 (Cal. App.1968), relied upon by respondents, a teacher first submitted a formal letter of resignation and then later attempted to withdraw his resignation. The trial court found that the teacher's attempted revocation was not timely made and that he was estopped. That case, however, was decided only after a trial on the issues, and did not involve the sufficiency of a complaint to

state a claim for relief as in this case. See also, Fitzpatrick v. Welch, 96 Idaho 280, 527 P.2d 313 (1974). Turning to Gardner's complaint, we note that it does not indicate whether his resignation was accepted before he withdrew it or whether the school board relied upon his resignation in failing to send him the notice of nonrenewal required by I.C. § 33–1213. We therefore conclude that the asserted defenses of waiver and estoppel do not appear upon the face of the complaint itself; and hence, it was error to grant a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

We turn next to the dismissal of Gardner's claim against the superintendent for slander. The respondent contends, and the district court found, that Gardner's complaint discloses on its face that the school superintendent's allegedly defamatory statement to the school board was privileged. Whether or not the defense of privilege in a defamation case can be raised by a 12(b)(6) motion to dismiss depends upon whether or not an absolute privilege, as contrasted to a conditional privilege, appears on the face of the complaint. Garcia v. Hilton Hotels Int'l, 97 F.Supp. 5, 9 (D. P.R.1951); cf. Annot., 51 A.L.R.2d 552, 560–561 (1957); 50 Am.Jur.2d, Libel and Slander, § 437 (1970).

If the complaint discloses the existence of an absolute privilege, it is sub-ject to dismissal under I.R.C.P. 12(b)(6); but if, on the other hand, the complaint discloses only a conditional privilege, it is not subject to dismissal under that rule. Garcia v. Hilton Hotels Int'l, supra; see Richeson v. Kessler, 73 Idaho 548, 255 P.2d 707 (1953); Mundy v. McDonald, 216 Mich. 444, 185 N.W. 877, 20 A.L.R. 398, 402 (Mich.1921); cf. Olan Mills v. Enterprise Pub. Co., 210 F.2d 895, 897 (5th Cir., 1954); Drummond v. Spero, 350 F.Supp. 844, 845 (D.Vt.1972).[2] It is therefore necessary to determine whether Gardner's complaint itself discloses that the allegedly defamatory statement was absolutely privileged. As indicated above, the complaint alleges that the defendant school superintendent told the school board that Gardner was "incompetent as a school teacher and was not doing a competent job."

A cogent explanation of the distinction between the policy behind absolute and conditional privilege is found in the proposed text of the Second Restatement of Torts, wherein it is stated that:

"The 'privileges' created by law, irrespective of the consent of the person defamed, are of two classes, both of which are based upon a policy which treats the ends to be gained by permitting defamatory statements as outweighing the harm which may be done to the reputation of others.

" 'Privileges' of the first class are called 'absolute privileges' * * *. In

---

2. Asserting that appellant's complaint fails to allege express malice, the respondents rely upon Gough v. Tribune-Journal Co., 75 Idaho 502, 510, 275 P.2d 663, 668 (1954), which held that a complaint disclosing a conditional privilege is subject to a demurrer, unless it also alleges "facts which would support proof that the privilege was abused." Given the liberal test for the sufficiency of a complaint under the present rules of civil procedure, however, it would be inappropriate to dismiss a complaint when it fails to allege facts showing the abuse of a conditional privilege; for in such a case, it cannot properly be said that it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Garcia v. Hilton Hotels Int'l, supra. If the defendant asserts the defense of conditional privilege, it is open to the plaintiff to prove abuse of the privilege, the burden being upon him to do so. Restatement (Second) of Torts § 613 (Tent.Draft No. 20, 1974). We note, moreover, that in this case the complaint actually alleges such abuse, in that it contains the allegation that the school superintendent "well knew said statements were false." See the recently decided case of Barlow v. International Harvester Co., 95 Idaho 881, 892, 522 P.2d 1102, 1113 (1974), wherein it was stated that "qualified privileges may be lost through abuse. One form of such abuse is the publication of the defamatory material with express malice . . . [i. e.] in bad faith, *without belief in the truth of the matter published*, or with reckless disregard of the truth or falsity of the matter." Emphasis added.

reality these 'absolute privileges' are properly to be classified as immunities, since they are based upon the personal position or status of the actor. * * *. But * * * over a period of some centuries, these particular immunities always have been called 'privileges' by the courts when they arise in connection with defamation * * *.

"These 'absolute privileges' are based chiefly upon a recognition of the necessity that certain persons, because of their special position or status, shall be as free as possible from fear that their actions in that position may have an adverse effect upon their own personal interests. To accomplish this, it is necessary for them to be protected not only from civil liability, but also from the danger of even an unsuccessful civil action. To this end, it is necessary that the propriety of their conduct shall not be inquired into indirectly, by either court or jury, in civil proceedings brought against them for misconduct in their position. Therefore the privilege, or immunity, is absolute, and the protection which it affords is complete. It is not conditioned upon the honest and reasonable belief that the defamatory matter is true, or upon the absence of ill will on the part of the actor. The 'absolute privilege' of public officials to publish defamation is a part of a broader general immunity which extends to other acts done by them in their official capacity which invade the interests of others. (See § 895D).

"Privileges of the second class * * * are commonly called conditional or qualified privileges [and] are more properly to be classified as privileges, since they arise out of the particular occasion upon which the defamation is published. They are based upon a public policy which recognizes that it is desirable that true information shall be given whenever it is reasonably necessary for the protection of the actor's own interests, the interests of a third person, or certain interests of the public. In order that this information may be freely giv-

en it is necessary to protect from liability those who, for the purpose of furthering the interest in question, give information which though in fact untrue, they reasonably believe to be true and appropriate for the furtherance of the interests." Restatement (Second) of Torts, Introductory Note to §§ 585 et seq., at 160–161 (Tent.Draft No. 20, 1974).

*See also,* Prosser, Law of Torts, § 114, p. 776 (4th ed. 1971).

■ The respondents contend that in the case of Barton v. Rogers, 21 Idaho 609, 123 P. 478 (1912), the court found an absolute privilege to be present under circumstances similar to those presented here. The plaintiff in Barton v. Rogers was a school superintendent who alleged that the *passage* of certain resolutions and· the *entry* of certain orders by the school board reflected adversely upon him. Without mentioning the concept of privilege (absolute or conditional), the court stated:

"Can the motives and purposes of a school board when performing an *official act clearly within their powers under the law* [emphasis in original] be put in issue in an action for damages under the charge of a civil libel? The answer must inevitably be in the negative. *They have no right to employ libelous language* in the performance of their official duties and cannot shield themselves behind their official character where they have overstepped their authority or exercised official powers in an unlawful manner, but so long as their *acts* are clearly within the purview of the statute and are such as they have an unquestioned right *to perform,* they should not be subject to an action for libel on the charge of conspiracy or malice *in doing the act."* 21 Idaho at 617–618, 123 P. at 480 (except as indicated, emphasis added).

A fair reading of Barton v. Rogers, supra, indicates that it stands merely for the proposition that the doing of an official *act* in a lawful manner will not subject the actor to liability for defamation, despite

the fact that said *act* "may indirectly injure some one" (id. at 618, 123 P. 478) ; far from standing for the proposition that defamatory statements made by members of the school board are absolutely privileged, the opinion expressly states that school board members have "no right to employ *libelous language* in the performance of their official duties." *Id.* at 617, 123 P. at 480 (emphasis added). Hence, the case cited is inapposite here.

In an annotation entitled "Libel and Slander: Actionability of Statements Imputing Inefficiency or Lack of Qualification to Public School Teacher," the following summary appears:

"Statements regarding school matters, because of the great public interest involved, are generally recognized to be qualifiedly privileged if made by one who has an interest in the subject and acts in good faith. Accordingly, it has often been held that statements alleged to be defamatory due to imputations of incompetency or lack of qualifications are protected by qualified or conditional privilege. School officials and administrators clearly have duties and interest in the schools and teachers, and it has been held that statements made by such persons are subject to a qualified privilege. * * * Of course, since the privilege is only qualified or conditional, it is lost where it is abused as, for example, where the statements are not made in good faith.

"Absolute privilege, wherein no remedy can be had in a civil action even though the statement may have been false and maliciously made, has been applied in some cases involving alleged defamatory statements imputing inefficiency or lack of qualification to a public school teacher. Where the privilege has been applied, it has been to statements made by officials or administrators of the school, based on the reasoning that the statements made were published in the course of carrying out the maker's duty, or in one case, that the teacher invited or procured the remarks and thereby consented to them. However, it has also been stated that alleged slanderous and libelous statements made by the county superintendent of schools and directors of a school district could not in any view be absolutely privileged." Annot., 40 A.L.R.3d 490, 494–495 (1971). *See also* Annot., 26 A.L.R.3d 492 (1969) ("Libel and Slander: Public Officer's Privilege as to Statements Made in Connection with Hiring and Discharge").

See, Ranous v. Hughes, 30 Wis.2d 452, 141 N.W.2d 251 (1966).

It is the conclusion of this court that the statement attributing incompetence to the plaintiff school teacher, made by the defendant school superintendent to the school board, was only conditionally and not absolutely privileged. Ranous v. Hughes, supra; Barry v. McCollum, 81 Conn. 293, 70 A. 1035 (1908) (superintendent's report to board was conditionally privileged) ; Tanner v. Stevenson, 138 Ky. 578, 128 S.W. 878 (1910) (superintendent's letter recommending denial of teaching certificate was only conditionally and not absolutely privileged).[3] Therefore, the complaint was not subject to dismissal under I.R.C.P. 12(b)(6) for failure to state a claim. Garcia v. Hilton Hotels, Inc., supra.

The order of dismissal is reversed and the cause remanded for further proceedings consistent with the views expressed herein. Costs to appellant.

McQUADE, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.

3. The ways in which a conditional privilege may be abused are listed and discussed in the Restatement (Second) of Torts §§ 599–605A, at 217–236 (Tent.Draft No. 20, 1974).