549 P.2d 266

Orrin N. GARDNER, Plaintiff-Appellant,

v.

Gordon HOLLIFIELD et al., Defendants-Respondents.

No. 11968.

Supreme Court of Idaho.

April 22, 1976.

Rehearing Denied May 19, 1976.

Frank L. Benson, Noack & Korn, Boise, for plaintiff-appellant.

Frank M. Rettig, of Rettig & Fredericksen, Jerome, for defendants-respondents.

SHEPARD, Justice.

This is an appeal by plaintiff-appellant Gardner from a summary judgment entered in favor of defendant-respondent Campbell and the members of the school board in an action in which Gardner sought reinstatement of employment as a teacher, lost wages and damages for defamation. We affirm in part and reverse in part.

This is the second time that this matter has been before the Court. See *Gardner v. Hollifield*, 96 Idaho 609, 533 P.2d 730 (1975). At the summary judgment stage of proceedings the following allegations of plaintiff's complaint are deemed to be either established or in issue. Plaintiff was a teacher in defendant school district from 1954 until 1971. Under the statute then in existence (now I.C. § 33–1212), he was entitled to automatic renewal of his employment contract in the absence of appropriate actions by the Board. On February 27, 1971, Gardner advised the Board, in writing, that he would decline to accept employment from the Board during the next school year. On March 30, 1971, Gardner advised the Board of his desire to withdraw his declination of future employment, but the Board refused and Gardner's contract was not renewed.

Gardner's complaint additionally alleged that defendant-respondent Campbell had advised the Board that Gardner "was incompetent as a school teacher and not doing a competent job" and had recommended to the Board that Gardner's employment contract not be renewed. It is also alleged that Campbell knew his statements to be false.

Also, at the summary judgment stage it is established (by way of an affidavit submitted on behalf of the Board and uncontroverted by Gardner) that the Board had decided not to renew Gardner's employment contract for the next ensuing school year and in accordance with the statutory deadline would have served notice thereof on Gardner prior to March 1, 1971. The reason for the failure of the Board to provide Gardner with such notice prior to March 1, 1971, was Gardner's written declination of employment submitted to the Board on February 26, 1971.

Gardner filed this action in 1973 and defendants, without an answer or any documentary support therefor, filed a motion to dismiss. Therein they asserted waiver and estoppel on the issue of contract and absolute privilege on the issue of defamation. The motion to dismiss was granted and on appeal we reversed and remanded for further proceedings. *Gardner v. Hollifield, supra*. Upon remand another motion to dismiss was filed by defendants to which was attached an affidavit on behalf of the

Board asserting the above facts. In accordance with I.R.C.P. 12(b) that motion to dismiss was treated by the district court as one for summary judgment. The court found no genuine issue of material fact and ruled in favor of all defendants as a matter of law.

We have repeatedly held that when facts are presented by affidavit, deposition or admissions upon a motion to dismiss, that the motion should be treated as one for summary judgment. I.R.C.P. 12(b); *Green v. Gough,* 96 Idaho 927, 539 P.2d 280 (1975); *Cook v. Soltman,* 96 Idaho 187, 525 P.2d 969 (1974); *Coddington v. Lewiston,* 96 Idaho 135, 525 P.2d 330 (1974); *Rush v. G–K Machinery Co.,* 84 Idaho 10, 367 P.2d 280 (1961). When affirmative defenses are presented and reveal no genuine issue of material fact, the issuance of summary judgment is proper if movant is so entitled to judgment as a matter of law regardless of his failure to assert such defense by way of answer. I.R.C.P. 56(c); *Suckow Borax Mines Consol., Inc. v. Borax Consol., Ltd.,* 185 F.2d 196, 205 (9 Cir. 1950), cert. den. 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680. Also see, *Green v. Gough, supra; Cook v. Soltman, supra.*

As to the first cause of action, the uncontroverted facts set forth in the affidavit made on behalf of the Board sufficiently establish the defenses of estoppel and waiver as matters of law. *French v. Board of Education of Santa Monica Unified School District,* 265 Cal.App.2d 955, 71 Cal.Rptr. 713 (1968); *State of Ohio ex rel. Ford v. Board of Education City School District of Cleveland,* 141 Ohio St. 124, 47 N.E.2d 223 (1943); *Sirmon v. Roberts,* 209 Ark. 586, 191 S.W.2d 824 (1946); *Board of School Commissioners of City of Indianapolis v. State ex rel. Bever,* 211 Ind. 257, 5 N.E.2d 307 (1936). We therefore affirm the summary judgment on Gardner's first cause of action in favor of defendants-respondents.

Turning now to Gardner's cause of action for defamation, we note conversely that the existence of any genuine issue of material fact precludes the granting of a motion for summary judgment. I.R.C.P. 56(c); *Cohen v. Merrill,* 95 Idaho 99, 503 P.2d 299 (1972). It is conceded, as this Court set forth in the first *Gardner v. Hollifield* opinion, that Campbell's privilege to make defamatory statements in the performance of official duties is only conditional. Campbell asserts that *Barton v. Rogers,* 21 Idaho 609, 123 P. 478 (1912) supports his contention that his statements were privileged. Campbell argues all acts performed by a school superintendent at a Board meeting, including his recommendations as to the retention or firing of a teacher, "are official acts" and therefore in that context all defamatory statements made by a superintendent including those known by him to be false are within the purview of the conditional privilege. We disagree. In *Barton,* a claim for damages for injuries to a superintendent's reputation caused by certain resolution and orders of a school board was dismissed. The resolutions and orders did not employ defamatory language. The Court in *Barton* stated:

"Can the motives and purposes of a school board, when performing an official act clearly within their powers under the law be put in issue in an action for damages under the charge of civil libel? The answer must inevitably be in the negative. They have no right to employ libelous language in the performance of their official duties and cannot shield themselves behind their official character where they have overstepped their authority or exercised official powers in an unlawful manner, but so long as their acts are clearly within the purview of the statute and are such as they have an unquestioned right to perform, they should not be subject to an action for libel on the charge of conspiracy or malice in doing the act." 21 Idaho at 617–

618, 123 P. at 480 (emphasis in original omitted).

In our earlier opinion in *Gardner v. Hollifield, supra,* we pointed out that *Barton* would not allow the use of defamatory language violative of the conditional privilege. A conditional privilege may be lost when a speaker on an otherwise privileged occasion publishes false and defamatory matter concerning another which either (a) he in fact does not believe to be true or (b) has no reasonable grounds for believing it to be true. See *Gardner v. Hollifield,* 96 Idaho at 612, 533 P.2d 730; *Barlow v. International Harvester Co.,* 95 Idaho 881, 892, 522 P.2d 1102, 1113 (1974); *Ranous v. Hughes,* 30 Wis.2d 452, 141 N.W.2d 251 (1966); Prosser, Torts (4th ed. 1971) § 115; Annot., 26 A.L.R.3d 492 (1969); Annot., 40 A.L.R.3d 490 (1971); Restatement (Second) of Torts, § 600 (Tent.Draft No. 20, 1974).

■ Here, it is alleged and not controverted that Campbell made the statement concerning incompetence, that he knew it to be false and that Gardner was thereby damaged. We take note that we are here dealing with difficult, if not impossible, matters of plaintiff's proof. First, the matter of the supervisor of an employee making a determination and then expressing an opinion as to the employee's competence or incompetence is one that is highly subjective. Secondly, the proof of the superintendent's state of mind as being motivated by the intent to make a false statement as contrasted with the voicing of a genuinely held belief is also difficult if not impossible and must involve resort to extrinsic circumstantial factors. Nevertheless, the enormous difficulties facing a plaintiff in such a situation does not authorize a court to issue summary judgment in the face of unresolved issues of material fact. Here it is alleged that Campbell made *false* statements concerning Gardner's competence as a teacher, that Campbell knew his statements to be false and that Gardner was

thereby damaged. Such allegations, if proven, present material issues of fact for resolution by a trier of fact and do not fall within the ambit of conditional privilege.

The summary judgment on plaintiff's first cause of action is affirmed. The summary judgment on plaintiff's cause of action relating to defamation is reversed and remanded for further proceedings consistent herewith. Costs to appellant.

McFADDEN, C. J., DONALDSON and BAKES, JJ., and THOMAS, District Judge, concur.