## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 36996

| | | |
|---|---|---|
| MINOR MIRACLE PRODUCTIONS, LLC, | ) | |
| | ) | |
| Plaintiff/Counterdefendant/Respondent, | ) | Pocatello, August 2011 Term |
| | ) | |
| v. | ) | 2012 Opinion No. 5 |
| | ) | |
| RANDY STARKEY, | ) | Filed: January 5, 2012 |
| | ) | |
| Defendant/Counterclaimant/Third-Party | ) | Stephen Kenyon, Clerk |
| Plaintiff/Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAVID L. RICHARDS, | ) | |
| | ) | |
| Third-Party Respondent. | ) | |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

The district court's grant of judgment on the pleadings is <u>affirmed</u>.

Randy Starkey, Kingston Springs, Tennessee, pro se appellant.

Cooper & Larsen, Chartered, Pocatello, for respondent. Javier L. Gabiola argued.

_____

HORTON, Justice

Minor Miracle Productions, LLC, (MMP) is the limited liability company responsible for the film "*The Hayfield*." MMP is composed of David Richards, who provided a filming location and funding for the film, and Randy Starkey, who wrote and directed the film. After the film was completed, Starkey refused to turn over possession of the film and various pieces of equipment from the film. MMP brought suit against Starkey alleging breach of the duty of loyalty, breach of contract, and conversion. After initially appearing via counsel in the case, Starkey proceeded pro se. When Starkey failed to appear at motion hearings and disregarded the district court's orders regarding discovery, the court sanctioned Starkey, striking his defenses and precluding him from using any evidence not previously disclosed. MMP then moved for judgment on the pleadings,

1

and the district court granted the motion. The court ordered Starkey to pay Richards over one million dollars in damages and interest for the costs of the film's production, to return the film and to release the copyrights to the film and its website to Richards, and enjoined Starkey from selling the film and from using any of the equipment related to the film. Starkey timely appealed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2006, David Richards and Randy Starkey formed Minor Miracle Productions, LLC for the production and sale of the movie "*The Hayfield*." MMP was formed under the laws of Idaho and the articles of organization were filed with the Idaho Secretary of State. Starkey was to write and direct the film while Richards provided money, equipment, and land for the filming. Richards states that he and Starkey agreed to an operating agreement for the LLC, but Starkey never signed the operating agreement. That agreement states:

> David L Richards and Randal T Starkey have agreed that Mr. David L Richards as the major investor of the film "The Hayfield" will be the first to regain all of his (Mr. Richards) investments including, Cash, Equipment, and Losses that pertain to the making and marketing of this film "The Hayfield" at which point Mr. Richards and Mr. Starkey will divide the remaining proceeds equally 50/50.

At some point during filming or post-production, the relationship between Richards and Starkey broke down. Richards states that Starkey attempted to sell percentage-interests in the film and that Starkey encumbered the film without his knowledge or consent. In 2007, Starkey informed Richards that any future communication should occur through his attorney. Starkey unilaterally copyrighted the screenplay of the film and the film's website.

In September 2008, MMP filed suit against Starkey for breach of his fiduciary duties to MMP. Starkey, initially represented by counsel, filed an answer on November 7, 2008. Counsel for Starkey withdrew on July 17, 2009, and Starkey thereafter appeared pro se.

On August 11, 2009, Starkey filed a motion to dismiss, and MMP and Richards filed a motion to compel Starkey to respond to discovery requests. The district court denied the motion to dismiss and asked MMP and Richards to renotice their motion to compel. MMP and Richards later sought and were granted leave to amend the complaint, asserting claims of conversion and of breach of contract for failing to adhere to the commitment to refund Richards all of his expenditures. The court also granted MMP's motion to compel, ordering Starkey to serve supplemental discovery responses to MMP and Richards' interrogatories and to provide complete responses to the requests for document production. Starkey filed an amended answer

2

on November 24, 2009. In December 2009, Starkey filed a motion to unseal affidavits and a motion for change of venue. Neither motion was noticed for hearing.

MMP and Richards filed a second motion to compel and motion for sanctions in February 2010, following Starkey's failure to comply with the court's prior discovery orders. The motion was properly served on Starkey. Starkey did not object to the motion to compel and failed to appear at the motion hearing. The district court granted the second motion to compel and the motion for sanctions, issuing an order striking Starkey's affirmative defenses and precluding him from advancing undisclosed witnesses or evidence. The court also awarded MMP and Richards attorney fees related to the preparation of the second motion to compel.

On February 26, 2010, Richards' attorney sent Starkey a letter requesting dates for a deposition. When Starkey failed to respond, Richards scheduled the deposition for April 5, 2010 in Pocatello. Starkey did not appear for that deposition. Richards and MMP then filed a second motion for sanctions. Again, Starkey failed to appear. The district court found that Starkey had failed to defend his case and granted Richards' and MMP's request for costs and attorney fees related to the deposition.

MMP and Richards filed a motion for judgment on the pleadings on July 6, 2010. Starkey again failed to appear at the motion hearing. The district court then entered a judgment on the pleadings,[1] finding that MMP was the owner of the film and that Starkey breached his duty of loyalty to MMP. The court ordered Starkey to provide an accounting to MMP, to turn over to Richards all of the materials and property related to the film, and entered judgment in favor of Richards in the amount of $1,014,601.60 plus post-judgment interest. Finally, the court awarded Richards and MMP costs and attorney fees. Starkey timely appealed.

## II. STANDARD OF REVIEW

"[S]ubject matter jurisdiction is an issue that this Court may raise sua sponte at any time." *Johnson v. Blaine Cnty.*, 146 Idaho 916, 924, 204 P.3d 1127, 1135 (2009) (citing *In re Quesnell Dairy*, 143 Idaho 691, 693, 152 P.3d 562, 564 (2007)). "The issue of whether the district court had jurisdiction over this action is one of law, over which this Court exercises free review." *Giltner Dairy, LLC v. Jerome Cnty.*, 150 Idaho 559, ___, 249 P.3d 358, 359 (2011) (quoting *Troupis v. Summer*, 148 Idaho 77, 79, 218 P.3d 1138, 1140 (2009)). "[W]hether it is necessary

---

[1] The district court granted MMP's motion for judgment on the pleadings but in doing so treated the issue as one of default. A default judgment is an appropriate sanction under I.R.C.P. 37(b) and, based on Starkey's failure to defend (as a result of his answer and defenses being struck), was proper in this instance.

3

for a judicial officer to disqualify himself in a given case is left to the sound discretion of the judicial officer himself." *Bradbury v. Idaho Judicial Council*, 149 Idaho 107, 113, 233 P.3d 38, 44 (2009) (citing *Sivak v. State*, 112 Idaho 197, 206, 731 P.2d 192, 201 (1986)). In determining whether the trial court has abused its discretion, this Court examines:

> (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*Baxter v. Craney*, 135 Idaho 166, 169, 16 P.3d 263, 266 (2000) (citing *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991)). With the exception of jurisdictional issues, "[a]n argument not raised below and not supported in the briefs is waived on appeal." *Doe v. Doe*, 150 Idaho 432, ___, 247 P.3d 659, 663 (2011) (citing *Crowley v. Critchfield*, 145 Idaho 509, 512, 181 P.3d 435, 438 (2007)). "Pro se litigants are held to the same standards and rules as those represented by an attorney." *Twin Falls Cnty. v. Coates*, 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003).

### III. ANALYSIS

Starkey lists twenty-two different assignments of error on appeal. However, only one issue is properly before this Court. Starkey argues that the district court misapplied federal copyright law. As 28 U.S.C. § 1338 provides for exclusive jurisdiction over all cases arising under the federal copyright laws, this issue is more accurately framed as a challenge to the district court's subject matter jurisdiction. The other issues Starkey raises on appeal are not supported with argument or authority and are therefore waived.

**A. The district court did not err in finding that it had subject matter jurisdiction.**

Starkey correctly argues that 28 U.S.C. § 1338 grants exclusive jurisdiction to federal courts to hear "any civil action arising under any Act of Congress relating to . . . copyrights." 28 U.S.C. § 1338(1).[2] The critical question then is whether this is a suit that "arises under" the federal copyright laws. It is not.

It has been stated that "[w]hether a complaint asserting factually related copyright and contract claims 'arises under' the federal copyright laws for the purposes of Section 1338(a)

---

[2] When Starkey raised this issue, the district court stated that it would not reach the merits of his claim because he admitted jurisdiction in his answer. However, because it relates to the power of the court to hear the claim, Starkey could not waive it. "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

4

'poses among the knottiest procedural problems in copyright jurisprudence.'" *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 347 (2d Cir. 2000) (quoting 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 12.01[A], at 12-4 (1999)). However, this case poses no such problem. Federal courts have clearly distinguished cases that may concern the ownership of a copyright from those that actually arise under the copyright laws of the United States.

> The mere fact that the complaint discloses that the case involves a copyright dispute, however, does not in itself lead to a conclusion that the case "arises under" the Federal Copyright Act for the purposes of jurisdiction under 28 U.S.C. § 1338(a). Many disputes over copyright ownership will arise under state law and involve no federal law questions.

*Arthur Young & Co. v. City of Richmond*, 895 F.2d 967, 969 (4th Cir. 1990). This case, to the extent that it is concerned with the film's copyright, is only concerned with ownership as defined under Idaho law and is not governed by 28 U.S.C. § 1338.

MMP and Richards assert three claims: breach of fiduciary duty, breach of contract, and conversion. Each of these claims might involve the film's copyright or the ownership of the website, as Starkey argues. However, none of them are explicitly based on any question of federal copyright law, nor do they require interpretation of federal copyright law. "[A] case does not arise under the federal copyright laws merely because the subject matter of the action involves or affects a copyright, such as where, in a suit on a contract, a copyright comprises the subject matter of the contract." 18 Am. Jur. 2d *Copyright and Literary Property* § 209 (footnotes omitted). That is precisely the case here. There is no indication that any issues related to copyright law that may arise in this case satisfy any of the tests federal courts have used in determining whether they have jurisdiction under 28 U.S.C. § 1338. *See generally* Amy B. Cohen, *"Arising Under" Jurisdiction and the Copyright Laws*, 44 Hastings L.J. 337, 360-72 (1993) (describing two streams of federal cases analyzing jurisdiction: those that look only to the face of the complaint in determining jurisdiction and those that attempt to discern whether copyright issues are the principal and controlling issue in the case).

We therefore hold that the district court properly had jurisdiction over the asserted claims.

**B. Starkey's remaining issues are not properly before this court.**

> 1. Absent a motion for recusal, this Court will not consider whether a district court judge's failure to recuse himself is reversible error.

On appeal, Starkey makes various arguments that the district court judge should have disqualified himself. However, Starkey never filed a motion for disqualification.

> In the absence of a motion for disqualification, this Court will not review that issue on appeal. . . . Because the question of a recusal under I.R.C.P. 40(d)(2) is committed to the discretion of the trial judge, absent some objection at trial, there was no decision by the trial court that can be reviewed and no factual record was developed from which grounds for disqualification can be discerned.

*Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 563, ___, 249 P.3d 362, 367 (2011). As we noted in *Doe*, "[b]ecause the question of a recusal under I.R.C.P. 40(d)(2) is committed to the discretion of the trial judge, absent some objection at trial, there was no decision by the trial court that can be reviewed and no factual record was developed from which grounds for disqualification can be discerned." Such is the case here. We therefore decline to reach this issue on appeal.

> 2. The other remaining issues are unsupported by argument or authority.

An appellant's initial brief must include an argument section, which "shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and the record relied upon." Idaho App. R. 35(a)(6). Even in cases where a party has explicitly set forth an issue in its brief, we have held that:

> [I]f the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court. *Inama v. Boise County ex rel. Bd. of Comm'rs*, 138 Idaho 324, 330, 63 P.3d 450, 456 (2003) (refusing to address a constitutional takings issue when the issue was not supported by legal authority and was only mentioned in passing).

> Where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court. *Randall v. Ganz*, 96 Idaho 785, 788, 537 P.2d 65, 68 (1975). A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue. *Michael v. Zehm*, 74 Idaho 442, 445, 263 P.2d 990, 993 (1953). This Court will not search the record on appeal for error. *Suits v. Idaho Bd. of Prof'l Discipline*, 138 Idaho 397, 400, 64 P.3d 323, 326 (2003). Consequently, to the extent that an assignment of error is not argued

and supported in compliance with the I.A.R., it is deemed to be waived. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005).

*Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010).

As in *Bach*, Starkey has failed to "assert his assignments of error with particularity and to support his position with sufficient authority." In addressing his twenty-two arguments, he has cited a total of five cases along with a number of citations to federal copyright law. One of the five cases also addresses copyright law and the other four address standards for the disqualification of judges. There is not a single citation to the trial court record and, as MMP points out, the affidavit Starkey cites in his brief does not appear in the record before this Court.[3] As such, we hold that Starkey has waived all of his arguments except the jurisdictional challenge.

**C. As the prevailing party, MMP is entitled to attorney fees on appeal.**

MMP requests attorney fees pursuant to I.C. § 12-121. "Reasonable attorney's fees will only be awarded to the prevailing party under I.C. § 12-121 when the court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably and without foundation." *Balderson v. Balderson*, 127 Idaho 48, 54, 896 P.2d 956, 962 (1995). Here, Starkey has so totally failed to advance any meritorious claim that his appeal must be seen as an appeal pursued frivolously and without foundation. Starkey has attempted to characterize his claim as a matter of copyright law when it is not, has attempted to argue that the judge in the case was biased when he never properly presented a motion to consider the issue below, and otherwise has "merely invite[d] the Court to second guess the findings of the lower court." *Bach*, 148 Idaho at 797, 229 P.3d at 1159 (citing *Crowley v. Critchfield*, 145 Idaho 509, 514, 181 P.3d 435, 440 (2007)). We therefore order costs and attorney fees on appeal for MMP and Richards.

## IV. CONCLUSION

We affirm the district court's grant of judgment on the pleadings. As the prevailing parties, MMP and Richards are entitled to attorney fees on appeal.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**.

---

[3] Consistent with his practice in the district court, Starkey also failed to appear at oral argument before this Court.